John K. Bodick
Assistant Attorney General
310 K Street, Suite 401
Anchorage, Alaska 99501
Attorney for defendant

RECEIVED
JAN 2 0 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT OVENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. A98-0199 Civil (HRH) |
| STATE OF ALASKA, Department of Corrections, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S OPPOSITION TO
MOTION TO EXTEND STAY**

COMES NOW defendant the State of Alaska, Department of Corrections, by and through Assistant Attorney General John K. Bodick, and, hereby opposes plaintiff's motion to extend the stay in this case for an additional 90 days. Plaintiff has had well over a year since the stay was entered in October of 2004 to obtain counsel and/or to prepare to prosecute this case upon the expiration of the stay on May 31, 2006. As has been the case throughout this litigation, plaintiff has done little or nothing to move this case forward. As this court recognized in its order granting the stay, since this case originated in 1998 the stay will not be continued past May 31, 2006. Plaintiff has stated no justification for the extension and his motion should be denied.

Additionally, neither the court nor the defendant have any way to evaluate whether plaintiff will be able to prosecute this case, or even if he will be released from prison on

STATE OF ALASKA
DEPARTMENT OF LAW
CRIMINAL DIVISION CENTRAL OFFICE - ANCHORAGE
310 K STREET, SUITE 403
ANCHORAGE, ALASKA 99501
(907) 269-6379

parole. It is not clear what plaintiff's reported "positive parole action" that he says will occur on May 2, 2006, means. Even he were to be paroled, the undersigned was previously advised by plaintiff's prior Michigan parole agent that, pursuant to Michigan parole procedures, Ovens would not be allowed to leave Michigan. Besides Michigan's travel restrictions, if paroled, Ovens' relocation to Alaska would be governed by the Interstate Compact on Adult Offender Supervision and he would be allowed to return to Alaska under Compact Rule 3.101 only if (1) he has family in Alaska who are willing and able to assist in his supervision plan and (2) if he can obtain employment and has a visible means of support. See attached. Thus, it is not clear that plaintiff will be allowed to leave Michigan to prosecute this case even if he is paroled. The defendant should not have to expend resources to defend a case that will not be prosecuted. Plaintiff should be ordered to file a status report within thirty days which provides the name and address of his Michigan parole agent so plaintiff's ability to attend trial in Alaska can be evaluated and to submit a copy of his supervision release plan as required by the Interstate Compact to verify that he has taken positive steps to return.

Dated this 17 day of January, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: _____
John K. Bodick
Assistant Attorney General
Alaska Bar No. 8411098

STATE OF ALASKA
DEPARTMENT OF LAW
CRIMINAL DIVISION CENTRAL OFFICE - ANCHORAGE
310 K STREET, SUITE 403
ANCHORAGE, ALASKA 99501
(907) 269-6379

I certify that a copy of the above
was served by mail on
Robert Ovens, #24711
G. Robert Cotton Correctional Facility
3510 N. Elm St.
Jackson, Michigan 49201-8877
By: Sherry Matsuno  Date: 1-19-06

Opposition to Motion to Extend Stay
*Ovens v. State*, A98-0199-CV (HRH)
Page 2 of 2

*INTERSTATE COMMISSION*

*FOR*

*ADULT OFFENDER*

*SUPERVISION*

# RULES

Adopted by the

Interstate Commission for Adult Offender Supervision

Pursuant to Articles V & VIII of the

Interstate Compact for Adult Offender Supervision

Rule effective January 1, 2006

*RULE 2.110*          *Transfer of offenders under this compact*

(a) No state shall permit an offender who is eligible for transfer under this compact to relocate to another state except as provided by the Compact and these <u>rules</u>.
(b) An offender who is not eligible for transfer under this Compact is not subject to these rules and remains subject to the laws and regulations of the state responsible for the offender's supervision.

*References:*
*ICAOS Advisory Opinion 3-2004*

**History:** Adopted November 3, 2003; amended September 13, 2005.

# Chapter 3

## Transfer of Supervision

***RULE 3.101***        ***Mandatory transfer of supervision***

At the discretion of the sending state, an offender shall be eligible for transfer of supervision to a receiving state under the compact, and the receiving state shall accept transfer, if the offender:
- (1) has more than 90 days or an indefinite period of supervision remaining; and
- (2) has a valid plan of supervision; and
- (3) is in substantial compliance with the terms of supervision in the sending state; and
- (4) is a resident of the receiving state; or
- (e) (1) has resident family in the receiving state who have indicated a willingness and ability to assist as specified in the plan of supervision; and
  - (2) can obtain employment in the receiving state or has a visible means of support.

*References:*
*ICAOS Advisory Opinion 7-2004*
*ICAOS Advisory Opinion 9-2004*
*ICAOS Advisory Opinion 3-2005*
*ICAOS Advisory Opinion 4-2005*
*ICAOS Advisory Opinion 7-2005*

**History:** Adopted November 3, 2003; amended October 26, 2004; amended September 13, 2005;