IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT OVENS,<br><br>      Plaintiff,<br><br>vs.<br><br>STATE OF ALASKA, DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Defendants. | Case No. 3:98-cv-00199-HRH<br><br>ORDER REGARDING<br>VOLUNTEER COUNSEL |

Robert Ovens is a disabled and recently-released self-represented prisoner, who has been unable to prosecute this civil rights action without assistance.[1] Mr. Ovens has now filed an application for appointment of counsel, which has been opposed by the defendants.[2]

Although there is a right to counsel at public expense in criminal cases, that right does not extend to civil cases. The Court may not compel an attorney to assist

---

[1] *See, e.g.*, Docket No. 131.

[2] *See* Docket Nos. 135, 136, 137.

an indigent litigant without pay.[3]  In addition, the Court has no funds to pay attorneys in civil cases.  The Court may, however, <u>request</u> that a private attorney represent an indigent litigant.[4]

The Ninth Circuit Court of Appeals, following the United States Supreme Court, has explained that the exercise of that discretion is guided by several factors: The Court must determine that the plaintiff (1) cannot afford counsel; (2) has made reasonable attempts to find counsel without success; and (3) has at least a possibility of success on the merits.[5]  Finally, the Court must determine whether the claim is so factually and legally complex that the plaintiff needs counsel to articulate his or her claims.[6]

Generally, where an indigent party brings an arguably meritorious action, the action is complicated, and the party requests counsel, the Court will refer the matter to Alaska Pro Bono Program, Inc.  The agreement with the Pro Bono Program requires that the Court pre-screen complaints to ensure that the Court has jurisdiction and that the complaint at least states a cause of action.[7]  With this in

---

[3] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

[4] *See Mallard*, 490 U.S. at 301-02.

[5] *See Bounds v. Smith*, 430 U.S. 817 (1977); *Ivey v. Board of Regents Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

[6] *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

[7] *See also* 28 U.S.C. § 1915(e)(2)(B).

mind, the Court has reviewed Mr. Ovens' complaint. In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[8] Having reviewed the materials filed by Mr. Ovens in this action, the Court concludes that he arguably has a meritorious case, in which counsel would be helpful. Therefore, the Court will refer the matter to the Pro Bono Program.[9]

**IT IS HEREBY ORDERED:**

1. Mr. Ovens' application for assistance in securing counsel, at docket number 135, is GRANTED; and

2. The Clerk of Court shall send copies of the docket and record to Kara Nyquist and Erick Cordero, Alaska Pro Bono Program, Inc., P.O. Box 140191, Anchorage, Alaska 99514-0191. Ms. Nyquist and Mr. Cordero are requested

---

[8] *See Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999); *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir. 1996).

[9] Although the Pro Bono Program will make a reasonable attempt to find a volunteer attorney, there is no guarantee of counsel through the Program. In Mr. Ovens' case, his family income may be too high for him to receive assistance from the panel. However, that can be determined upon further review by the panel after being provided with further financial information from Mr. Ovens.

to find a volunteer attorney to represent Mr. Ovens, and to notify the Court and Mr. Ovens when, and if, counsel is secured.

DATED this 20th day of June, 2006, at Anchorage, Alaska.

                                                /s/  H.  Russel  Holland
                                                United States District Judge